DAVID G. SCOTT v. JAMES BEATTY AND JOHN WESTWELL

1. A state of demand in *debt*, in the court for the trial of small causes, is not vitiated by concluding " to the *damage* of the plaintiff $100."

2. The court, upon *certiorari*, can review only *errors in law*. It can neither retry the cause upon the merits, nor decide upon the weight of evidence.

3. On *certiorari*, in order to bring the facts before the court, if no state of the case be agreed upon, the proper practice is, in the first instance, to call upon the court below to certify what the facts are. Their return is conclusive.

4. If the court below fail to make a return of the facts, resort may then be had to affidavits.

5. A rule to take affidavits, should specify the purpose for which the affidavits are to be taken.

---

Error to the Passaic circuit, argued at November term, 1851, before the CHIEF JUSTICE and Justices NEVIUS and OGDEN. The facts of the case and the errors relied on sufficiently appear in the opinion of the court.

Scott v. Beatty et al.

*Barkalow*, for plaintiff in error ; *Vroom*, for defendants.

The CHIEF JUSTICE delivered the opinion of the court.

On the 15th of September, 1849, Beatty and Westwell sued Scott, in an action of debt before Justice Vail, for $100, for work done in bleaching, between the 22d of July, and the 23d of August, 1849, eight and a half tons of cotton goods, at $12 per ton. On the 5th of October, the justice rendered judgment in favor of the plaintiffs for $36.90 debt, with costs. On the 6th of October, this judgment was satisfied. On the 19th of October, 1849, the same plaintiffs commenced another action of debt against the same defendant for $100, before justice Mead, for work done in bleaching nine and a half tons of cotton goods, at $12.50 per ton, between the 22d of August, and the 16th of October, 1849. The justice rendered judgment for the defendant, with costs. On appeal from this second judgment to the Passaic pleas, the judgment of the justice was reversed, and judgment rendered in favor of the plaintiff for $88.96 of debt, with costs of suit. This judgment of the Common Pleas, having been removed into the Circuit Court of Passaic by *certiorari*, was affirmed. The judgment of the Circuit Court is now before this court, upon writ of error, for review.

One of the errors assigned is, that the state of demand is defective, inasmuch as it exceeds the jurisdiction of the court for the trial of small causes. The state of demand commences by demanding of the defendant $100, for bleaching for the defendant, at his request, 7½ tons of cotton goods, at $12.50 per ton ; and, after setting out the claim in three different forms, by as many different counts, it concludes to the damage of the plaintiffs $100, for which they pray judgment. It is insisted that the demand is for $200, *viz.* $100 debt, and $100 damages. But, however inaccurately expressed, it is apparent that the demand is but for $100 in the whole, and that it is for debt, and not for damages. The demand is certainly informal, but the real meaning of the instrument is sufficiently clear and intelligible, and that is all that is requisite.

It is further objected to the demand, under the general assignment of errors, that it is not sufficiently specific. That its seve-

ral forms of claim are but the ordinary common counts, and lack requisite certainty. But the demand does not appear to be liable to this objection. Each count states the kind and amount of work done, the time it was performed, and the price demanded. It is true that it does not state the amount of work done on each day, with a particular date to each item ; but this is not always essential, and in many cases, from the nature of the service, may be impracticable.

It is also assigned for error, that it appeared to the Circuit Court that the account sought to be recovered was part of a continuous account for work and labor exceeding $100 ; that said account had been divided, and partly sued for and recovered in a former suit, which was commenced after the account claimed in this suit had accrued and become due.

Admitting that all this did unequivocally appear to the *Circuit Court*, a more material inquiry is, did it so appear to the *Common Pleas* upon the trial ? The Circuit Court, upon *certiorari*, sits merely to review the legal decision and to correct the errors in law of the court below. It has no power to retry the cause upon the merits, much less to decide it upon new evidence not before the Common Pleas. On looking into the record, it does not appear that the Common Pleas were called upon during the progress of the cause to decide any legal proposition whatever, nor is it assigned for error that they made an erroneous decision upon any question of law. The cause was tried solely upon the evidence of the plaintiffs. The witnesses examined by the defendant before the justice were not called on the trial before the pleas. But upon the *certiorari* the defendant below attempted to show by the affidavits of witnesses, part of whom at least were not examined on the trial, what the facts really were. Now this evidence should have been offered upon the trial before the Common Pleas, and the fact that it was so offered should have been made manifest to the Circuit Court. But admitting that all the facts attempted to be proven by affidavit upon the writ of *certiorari* were proven before the pleas upon the trial, still the plaintiff in *certiorari* wholly failed to entitle himself to a reversal. At most, he only showed what a part of the evidence before the

Common Pleas was. But this evidence may have been impeached, or explained, or overcome by other testimony. To warrant the Circuit Court in reversing the judgment of the pleas, on the ground that they rendered an erroneous judgment upon the facts before them, the whole evidence should be disclosed, or at least it should be shown that there was no evidence to support the judgment. But this is not attempted in the present case. Certain facts are relied upon as ground of error. An attempt is made by affidavit to prove the existence of these facts before the Circuit Court, without establishing that those facts were proved, and were uncontradicted on the trial of the cause before the Common pleas. The point of the error assigned is, that the former suit was commenced after the account claimed in this suit had accrued and become due. There is evidence contained in the affidavits that the goods had been delivered to the plaintiffs below to be bleached, and that the work, or some of it, had been done before the former suit was brought; but there is no proof that the payments for that work had become due. Taking the evidence in the most favorable light for the plaintiff in *certiorari,* the facts were not clearly settled. The judge was called upon to decide upon the weight of evidence, which upon *certiorari* he could not lawfully do. *Wood* v. *Woodward, Coxe* 153; *Clark* v. *Hall,* 6 *Halst.* 78; *Graecen* v. *Allen,* 2 *Green* 74; *Andrews* v. *Andrews,* 2 *Green* 141; *Farley* v. *McIntyre,* 1 *Green* 190.

But the judgment must be affirmed upon the further ground, that the whole evidence offered in support of the reason for reversal was illegal and incompetent. The ground assigned for reversal is, that the judgment of the Court of Common Pleas was illegal upon the facts in evidence before that court. What those facts were, was the matter to be shown before the Circuit Court. No state of the case is agreed upon or settled by the court below; no rule is taken upon that court to certify what the facts were; but the plaintiff, in the first instance, resorts to affidavits to prove what evidence was offered on the trial of the appeal. This is a violation not only of the long settled practice of this court, but of the most obvious dictates of reason and propriety. If no state of the case be agreed upon,

the proper practice is, in the first instance, to call up the court to return what the facts were. Their return is conclusive. In *Prall* v. *Waldron,* 1 *Penn.* 145, it is said the court would not endorse the practice of contradicting the return of the justice, even of matters in *pais* not required to be in his docket. If the court below fail to make a return of the facts, then, from the necessity of the case, and then only, can resort be had to affidavits. That the evidence was taken under a rule of the Circuit Court, does not alter the case. A rule to take affidavits authorizes the taking only of legal and competent evidence. The rule, moreover, is improvidently entered. It does not specify the purpose for which the affidavits are to be taken. Though it is true that the party proceeds under it at his peril, yet such latitude of practice leads to needless expense and cumbering the files of the court with irrelevant and incompetent matters.

The judgment must be affirmed.

CITED *in Moore* v. *Hamilton,* 4 *Zab.* 532; *Pat. & Ram. R. R. Co.* v. *Ackerman, Id.* 537; *Parsell* v. *State,* 1 *Vr.* 550; *State* v. *City of Hudson,* 3 *Vr.* 367; *Hockenberry* v. *Myers,* 5 *Vr.* 346